# **<u>EXHIBIT A</u>**

Christian V. McOmber, Esq. **-** NJ ID # 012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. **-** NJ ID # 037892010
  pdv@njlegal.com
Valerie Mayzelshteyn, Esq. **–** NJ ID # 333752021
  vm@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, NJ 07701
(732) 842-6500 Phone
(732) 530-8545 Fax
*Attorneys for Plaintiff, Latasha Beam*

| | |
|---|---|
| LATASHA BEAM,<br><br>  Plaintiff,<br><br>vs.<br><br>KEYSTONE COMMUNITY RESOURCES, INC.; AQUILLAH MURRAY; SHANDALLE BLOOM; MEGAN TUCKER; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>  Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>WARREN COUNTY<br><br>DOCKET NO.:<br><br><u>Civil Action</u><br><br>**COMPLAINT & DEMAND FOR TRIAL BY JURY; FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS** |

Plaintiff Latasha Beam ("Plaintiff") by way of complaint against Defendant Keystone Community Resources Inc ("Defendant Keystone") and Defendants ABC Corporations 1-5 (fictitious names describing presently unknown business entities) (along with "Defendant Keystone," collectively referred to as the "Corporate Defendants"), Defendant Aquillah Murray ("Defendant Murray"), Defendant Shandalle Bloom ("Defendant Bloom"), Defendant Megan Tucker ("Defendant Tucker") and Defendants John Does 1-5 (fictitious names describing

presently unidentified individuals) (along with "Defendant Murray," "Defendant Bloom," and "Defendant Tucker," collectively referred to as the "Individual Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

This case stems from the monumental failure of a company and its staff to provide basic care to individuals who should have been afforded the highest standards of care and protection— the developmentally disabled. As a community-based service provider for individuals with developmental disabilities, Defendant Keystone is entrusted by families throughout the State to provide high quality and compassionate care for their residents. Despite this important responsibility, Defendant Keystone engaged in neglect of its own residents. Even worse, Defendant Keystone actively punished one of its employees who tried to address and correct this neglect. Plaintiff Latasha Beam worked at Defendant Keystone as a direct support professional. Immediately after Plaintiff discovered two Defendant Keystone residents were not being changed and bathed regularly, Plaintiff informed her direct supervisor, Defendant Murray.

To ensure this very serious issue was addressed, Plaintiff also told Defendant Murray she would be contacting the State Division of Developmental Disabilities. Plaintiff then proceeded to contact the State and cooperate with their investigation. Rather than commend Plaintiff for caring about Defendant Keystone's residents, Defendant Keystone subjected Plaintiff to a brutal campaign of retaliation, which ultimately culminated in Plaintiff's wrongful termination. Indeed, a few days after Plaintiff reported the neglect to the State, Defendant Murray accused Plaintiff of having a "tone" and subsequently yelled at Plaintiff to leave her office. Moreover, Defendant Murray openly told Plaintiff that no one at Keystone wanted to work with her because she complained to the State. Because of Plaintiff's complaint, Defendant Murray began to micro-

manage Plaintiff's work to create a pretext for disciplining her. Plaintiff became a daily target for Defendant Murray to harass and micromanage.

When Plaintiff made further complaints to Defendant Bloom, who oversaw both Plaintiff and Defendant Murray, Defendant Bloom joined in on the retaliation. Defendant Bloom met with Plaintiff and Defendant Murray but failed to listen or address any of Plaintiff's complaints. Instead, Defendant Bloom repeatedly admonished Plaintiff by angrily stating, ***"you called the State!"*** After over a month of confusion regarding her employment status, Plaintiff was informed she was terminated. Of course, Plaintiff was provided with absolutely no justification for her termination or an explanation as to why Keystone did not inform her of her termination until December 22, 2021.

Fortunately, New Jersey's Conscientious Employee Protection Act, <u>N.J.S.A.</u> 34:19-1 <u>et seq.</u> (hereinafter referred to as "CEPA") provides redress for employees subjected to such hostile conduct and to seek redress for retaliation in violation of New Jersey law. Accordingly, Plaintiff brings this lawsuit under CEPA to seek immediate redress for Defendants brazen acts of retaliation and reprisal.

<u>**PARTIES**</u>

1.      Plaintiff is a female residing at 207 Chamber Street, Unit A, Phillipsburg, New Jersey 08865, and at all times relevant hereto was employed by Defendant Keystone as a Direct Support Professional.

2.      Defendant Keystone is a corporation with a place of business located at 348 Kent Street, Phillipsburg, New Jersey 08865. At all times relevant hereto, Defendant Keystone is an "employer" as defined under CEPA.

3.      Defendant Murray, at all times relevant hereto, is employed by Defendant Keystone as a Manager. Accordingly, this claim is brought by Plaintiff against Defendant Murray in her individual capacity and/or as an agent or servant of Defendant Keystone who aided and abetted the Corporate and Individual Defendants in the retaliation referenced herein. At all times relevant hereto, Defendant Murray is an "employer" as defined under the CEPA.

4.      Defendant Bloom, at all times relevant hereto, is employed by Defendant Keystone as a Coordinator. Accordingly, this claim is brought by Plaintiff against Defendant Bloom in her individual capacity and/or as an agent or servant of Defendant Keystone who aided and abetted the Corporate and Individual Defendants in the retaliation referenced herein. At all times relevant hereto, Defendant Bloom is an "employer" as defined under the CEPA.

5.      Defendant Tucker, at all times relevant hereto, is employed by Defendant Keystone as the Director of Human Resources. Accordingly, this claim is brought by Plaintiff against Defendant Tucker in her individual capacity and/or as an agent or servant of Defendant Keystone who aided and abetted the Corporate and Individual Defendants in the retaliation referenced herein. At all times relevant hereto, Defendant Tucker is an "employer" as defined under the CEPA.

## FACTS COMMON TO ALL CLAIMS

6.      Defendant Keystone claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey policies and procedures prohibiting discrimination and retaliation.

7.      Defendant Keystone claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey policies and procedures requiring an

employee who believes there is a violation of the law to report the violation to supervisory and management staff.

8.     Defendant Keystone claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey policies and procedures committing it to engage in a timely and effective investigation of complaints of unlawful or unethical activity brought to its attention by employees.

9.     Defendant Keystone claims, at all times relevant hereto, that it had in effect at its facilities and locations within the State of New Jersey policies and procedures committing it to undertake prompt and effective remedial measures to put a stop to retaliation it found to exist.

10.    Plaintiff commenced employment with Defendant Keystone as a Direct Support Professional on or around August 2021.

11.    During her employment with Defendant Keystone, Plaintiff was a hardworking employee, consistently working overtime to care for Defendant Keystone's residents.

12.    Plaintiff was loyal to Defendant Keystone and believed in Defendant Keystone's work. In fact, she would travel to the other Defendant Keystone homes to care for the residents when other workers called out.

**A.     Plaintiff Discovers Defendant Keystone Employees Neglecting Residents.**

13.    Plaintiff's job responsibilities included working the overnight shift at Keystone from Sunday through Thursday evenings.

14.    During her regularly scheduled shifts, Ms. Beam assisted with laundry duties for the residents of Defendant Keystone.

15.    On or around November 2021, Plaintiff noticed two residents did not have any laundry for her to wash.

16.    After two days, Plaintiff realized the same two residents still did not provide the Plaintiff with any laundry to wash. Moreover, Plaintiff noticed the two residents were wearing the same clothes as they were wearing when she previously encountered them two days ago.

17.    Plaintiff came to the realization the two residents were not being showered or changed.

**B.    Plaintiff Reports The Neglect to Her Immediate Supervisor at Defendant Keystone And The State Division of Developmental Disabilities.**

18.    Upon becoming aware of the neglect, Plaintiff immediately notified her manager, Defendant Murray.

19.    Specifically, on or around November 04, 2021, Plaintiff informed Defendant Murray that two of Defendant Keystone's residents were not being showered or changed.

20.    Defendant Murray went to check on the residents herself and notified Plaintiff that she would discuss the issue with the employees responsible for caring for those residents. In doing so, Defendant Murray acknowledged there was an issue.

21.    Defendants are required to comply with statutes, regulations and/or rules, including, but not limited to New Jersey State Administrative Code Standards for Community Residences for Individuals with Developmental Disabilities N.J.A.C. 10:44A.  Further, when an act of alleged neglect or abuse occurs, Defendants are required submit or file an Unusual Incident Report ("UIR"), which is a detailed incident report describing incidents of abuse or neglect.  The UIR is then filed with New Jersey's Division of Developmentally Disabled ("DDD").  DDD is a New Jersey agency that provides services and support for adults with intellectual and developmental disabilities age 21 and older.

22.    Plaintiff informed Defendant Murray that she was going to notify the State Division of Developmental Disabilities about Defendant Keystone's failure to change and bathe

the residents in a timely manner. Plaintiff told Defendant Murray that was what she was trained to do under such circumstances.

23.     Subsequently, Plaintiff contacted the State to report that there were two residents at Defendant Keystone who had not been washed or changed for multiple days. Plaintiff indicated that she reported the issue to Defendant Murray and Defendant Keystone's corporate office.

24.     In response to Plaintiff's report, the State questioned Plaintiff about the incident, drafted a report, and informed Plaintiff of their intent to investigate the matter.

25.     The State also notified Defendant Keystone of their intent to investigate the facility.

**C.     Defendant Keystone Retaliates Against Plaintiff In Response To Her Complaints To the State Division of Developmental Disabilities.**

26.     In response to Plaintiff's complaint to the State, Defendant Keystone subjected Plaintiff to ongoing retaliation until she was wrongfully terminated from her position.

27.     Specifically, Defendant Murray immediately began subjecting the Plaintiff to her retaliatory efforts. By way of example, a few days after the report to the State, Defendant Murray accused Plaintiff of having a "tone" and screamed at her to get out of Defendant Murray's office.

28.     That same day, Defendant Murray began to follow Plaintiff around the building, micromanaging her and attempting to intimidate her.

29.     Defendant Murray began to target Plaintiff with disciplinary actions over minor issues which were not a problem prior to Plaintiff's complaint to the State. In doing so, Defendant Murray was attempting to come up with pretextual justifications to terminate Plaintiff from her employment with Defendant Keystone.

30.     The working relationship between Defendant Murray and the Plaintiff became extremely toxic as a result of Defendant Murray's ongoing retaliation.

31.     Defendant Murray even told Plaintiff that no one wanted to work with her because Plaintiff complained to the State. Thus, Defendant Murray made her retaliatory animus toward Plaintiff readily apparent.

32.     On or around November 13, 2021, Plaintiff met with Defendant Bloom and Defendant Murray to discuss Plaintiff and Defendant Murray's ongoing issues to work together ever since Plaintiff complained to the State. Notably, Plaintiff came in on her day off for this meeting because she wanted to resolve any and all issues between herself and Defendant Murray.

33.     Plaintiff soon discovered that neither Defendant Murray nor Defendant Bloom were willing to listen to her valid concerns. Instead, Plaintiff was constantly interrupted and belittled while trying to explain the situation from her perspective.

34.     Rather than assist the Plaintiff with the retaliation she faced from Defendant Murray, Defendant Bloom took Defendant Murray's side and also blamed Plaintiff for calling the State.

35.     Throughout the course of the meeting, Defendant Bloom kept repeating, ***"You called the State, you called the State!"***

36.     Defendant Bloom eventually ended the meeting abruptly stating ***"Oh please, give me a break. Leave, leave, get out, and don't come back!"***

37.     The meeting with Defendant Bloom and Defendant Murray left Plaintiff shocked, as she did not expect such a hostile reaction from a ***supervisor*** in response to her decision to rightfully speak up about unlawful conduct.

D.     **Defendant Keystone Terminates Plaintiff In Response To Her Complaint to the State Division of Developmental Disabilities.**

38.    Understandably confused about her employment status, Plaintiff contacted Defendant Tucker at Human Resources for clarification.

39.    Defendant Tucker advised Plaintiff that she was still employed with Defendant Keystone and told Plaintiff to contact Defendant Bloom for clarification regarding her schedule.

40.    When Plaintiff contacted Defendant Bloom, Defendant Bloom refused to schedule Plaintiff to work.

41.    Defendant Bloom further told Plaintiff that she did not know anything about Plaintiff's employment status with Defendant Keystone.

42.    *For over a month* Plaintiff was kept uninformed of her employment status with Defendant Keystone despite many attempts to follow up.

43.    Specifically, Plaintiff contacted Defendant Tucker on numerous occasions to attempt to resolve the issue and start working again, but Plaintiff was not offered any solutions.

44.    Plaintiff was referred back and forth between Defendant Tucker and Defendant Bloom for weeks with no clear answer provided to her.

45.    Defendant Keystone did not conduct any investigations into Defendant Bloom's retaliatory conduct or refusal to schedule the Plaintiff.

46.    On or around December 11, 2021, one of Plaintiff's coworkers at Defendant Keystone sent her a message at 1:45 PM asking her if she would be joining the facility's 1:00 PM virtual meeting. Plaintiff was not invited to this meeting.

47.    Plaintiff contacted Defendant Bloom to ask whether she should join this meeting and Defendant Bloom told her that since she had not heard from Human Resources, she should join the meeting.

48.     Ultimately, on or around December 22, 2021, Plaintiff was notified that she had been terminated effective December 11, 2021, the same day Plaintiff attended the virtual meeting.

49.     Defendants failed to provide Plaintiff with any reason for her termination.

50.     Plaintiff was not provided with any explanation as to why Defendant Keystone waited to notify her of her termination on December 22, 2021.

51.     Clearly, Plaintiff was terminated in blatant retaliation for her complaint to the State.

52.     As a result of her termination, Plaintiff experienced and continues to experience significant economic and emotional distress damages.

## COUNT ONE

## CEPA – WHISTLEBLOWER RETALIATION

52.     Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

53.     As a direct result of Plaintiff's report to the State, the Defendants took retaliatory action not limited to wrongfully terminating Plaintiff from employment.

54.     At all relevant times hereto, Defendants directly controlled or exerted control over Plaintiff, including but not limited to control over operations, hiring, promotion, demotion, firing and/or evaluation of Defendant Keystone's personnel.

55.     The pattern and practice of retaliation directed at Plaintiff by employees of Defendants is outlined above.

56.     Plaintiff complained and/or protested the continuing course retaliatory conduct set forth at length above. Defendants had knowledge about those complaints and/or protests.

57.  The above-described conduct would not have occurred but for Plaintiff's complaint to the State.

58.  The conduct was severe or pervasive enough to make a reasonable person and employee believe that the conditions of employment were altered, and the working environment was hostile and retaliatory.

59.  Defendants did not conduct a prompt and adequate investigation and failed to take proper remedial action to protect Plaintiff from retaliation.

60.  Defendants did not have an effective anti-retaliation policy in place, and/or Defendants have not maintained an anti-retaliation policy that is current and effective, which could have prevented the retaliatory actions against the Plaintiff.

61.  Defendants did not maintain useful formal and informal complaint structure for victims of retaliation.

62.  Defendants failed to institute appropriate monitoring mechanisms to check the effectiveness of the policies and complaint structures.

63.  Plaintiff disclosed to Defendants an activity or practice that the employee reasonably believes is in violation of a law, or a rule or regulation issued under the law, or, where an individual who is a licensed or certified as a health care professional, reasonably believes an action constitutes improper quality of resident care.

64.  As the employer and/or supervisor of Plaintiff, Defendants are vicariously, strictly and/or directly liable to Plaintiff pursuant to the New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.*, in that the affirmative acts of retaliation and wrongful termination committed by Defendant Murray and Defendant Bloom occurred within the scope of their employment; the creation of the hostile work environment was aided by Defendant Tucker

and Defendant Bloom in delegating power to Defendant Murray to control the day-to-day working environment; and/or Defendant Tucker and Defendant Bloom were deliberately indifferent, reckless, negligent and/or tacitly approved the discrimination, hostile work environment and/or retaliation; and/or Defendant Keystone, Defendant Bloom, and Defendant Murray failed to create and/or have in place well-publicized and enforced anti-retaliation policies, effective formal and informal complaint structures, training and/or monitoring mechanisms for same despite the foreseeability of harassment and retaliation in the workplace; and/or by having actual knowledge of the harassment and retaliation of Plaintiff and failing to promptly and effectively act to stop it.

65.     As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained emotional and pecuniary damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the CEPA, punitive damages, pre- and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT TWO

## WRONGFUL TERMINATION

66.     Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

67.     Plaintiff complained and/or protested against the continuing course of retaliatory conduct which followed Plaintiff's report to the State. Defendants had knowledge about those complaints and/or protests.

68.    As a direct result of Plaintiff's report to the State and complaints about retaliation, Defendants terminated Plaintiff's employment.

69.    Defendants are vicariously, strictly and/or directly liable to Plaintiff for unlawful, wrongful termination in violation of the CEPA

70.    As a proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has sustained emotional and pecuniary damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT THREE

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

71.    Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

72.    During the course of her employment, Plaintiff reported and complained about Defendants' unlawful behavior.  Defendants had knowledge of Plaintiff's protests and altered her employment status and/or work environment and/or terminated her as a result thereof.

73.    The acts of Defendants constitute a wrongful discharge in violation of public policy by which Plaintiff has been damage and will continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre-and post-judgment interest, attorney's fees and costs of suit, and for such other relief that the Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Latasha Beam*

By:_____
      PETER D. VALENZANO, ESQ.

Dated:  May 03, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, PETER D. VALENZANO, ESQUIRE, is hereby designated as trial counsel for Plaintiff.

## CERTIFICATION

Pursuant to <u>Rule</u> 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other civil actions or arbitration proceedings involving this matter with respect to this matter and no other parties need to be joined at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Latasha Beam*

By:_____
      PETER D. VALENZANO, ESQ.

Dated: May 03, 2022

Christian V. McOmber, Esq. **-** NJ ID # 012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. **-** NJ ID # 037892010
  pdv@njlegal.com
Valerie Mayzelshteyn, Esq. – NJ ID # 333752021
  vm@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, NJ 07701
(732) 842-6500 Phone
(732) 530-8545 Fax
*Attorneys for Plaintiff, Latasha Beam*

| | |
|---|---|
| LATASHA BEAM,<br><br>                              Plaintiff,<br><br>             vs.<br><br>KEYSTONE COMMUNITY RESOURCES, INC.; AQUILLAH MURRAY; SHANDALLE BLOOM; MEGAN TUCKER; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>WARREN COUNTY<br><br>DOCKET NO.:<br><br>          <u>Civil Action</u><br><br>**FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS** |

**<u>FIRST SET OF DOCUMENT REQUESTS, INTERROGATORIES, PUNITIVE DAMAGES, AND DEPOSITION NOTICES TO DEFENDANT(S)</u>**

**PLEASE TAKE NOTICE** that, McOmber McOmber & Luber, P.C., attorneys for

Plaintiff Latasha Beam ("Plaintiff") demand that Defendants Keystone Community Resources,

Inc., Aquillah Murray, Shandalle Bloom, and Megan Tucker (collectively "Defendants") produce

true and complete copies of the following Document Requests and answer under oath the

following Interrogatories pursuant to the Rules of Court.  Interrogatories answers shall be typed

beneath the questions and the original shall be returned in accordance with *Rule* 4:17-4(c) and, if

at any time prior to trial, you obtain information which renders any answer you provide incomplete or inaccurate, amended answers shall be served pursuant to *Rule* 4:17-7. Both the Document Request and Interrogatories shall be continuing so as to require supplemental responses and/or answers if Defendant(s) obtain(s) further documents or information between the time the response is served and the time of trial/hearing.

## **DEFINITIONS**

1.    "Plaintiff" shall mean, individually and collectively, each Plaintiff identified in the above-captioned action.  If more than one Plaintiff is identified in the caption as a party to this lawsuit, Defendants must respond to each request with specific responses applicable to each Plaintiff in this lawsuit.

2.    "Defendant Keystone" shall mean Keystone Community Resources, Inc. and any of its officers, directors, employees, agents, representatives, successors, predecessors, assigns, divisions, affiliates, subsidiaries, and all persons acting or purporting to act on its behalf.

3.    "Defendant Murray" shall mean Aquillah Murray, Defendant in the above captioned action.

4.    "Defendant Bloom" shall mean Shandalle Bloom, Defendant in the above captioned action.

5.    "Defendant Tucker" shall mean Megan Tucker, Defendant in the above captioned action.

6.    "Defendant(s)" shall individually and collectively mean all Defendants in the above-captioned action.

7.    The term "Corporate Defendant(s)" shall individually and collectively any Defendant company, corporation, partnership, union, joint venture, sole proprietorship,

association, government agency, or organization, or any other similar type of group through which business is conducted, or any director, officer, employee, or agent thereof.

8.     The term "Individual Defendant(s)" shall mean any defendant in this matter sued in his/her individual capacity or as an agent/servant of any Corporate Defendant.

9.     The terms "you," "your," or "yours" shall mean the party answering these interrogatory questions.

10.     "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, or organization, or any other similar type of group through which business is conducted, or any director, officer, employee, or agent thereof.

11.     "Person" shall mean any natural Person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys and others acting or purporting to act on behalf of such natural Person, partnership, corporation or other business entity.

12.     The term "Action" shall mean the civil action captioned above.

13.     The "Complaint" shall mean the Complaint filed by Plaintiff(s) in this Action.

14.     The term "Answer" shall mean any Answer to the Complaint filed by any party in this Action, which specifically includes all Affirmative Defenses, Denials, and Counterclaims, and was filed with the Court in the above-captioned Action.

15.     The term "Investigation" shall mean any investigation, inquiry, analysis, review, examination, research, study, interview, interrogation, and/or collection of evidence, statements (oral or written), and documents.

16.     The term "Grievance" shall mean any complaint, grievance, accusation, allegation, protest, and/or objection (formal or otherwise) by Plaintiff(s) or any Person concerning any of the Defendant(s) and Plaintiff.

17.     "Document" or "documents" is defined in accordance with New Jersey Court *Rule* 4:18-1 and includes the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced, or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including, but not limited to, memoranda, notes, minutes, records photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statements, charts, studies, reports, graphs, statements, notebooks, handwritten notes, application, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations or voicemails, emails, inter-office or intra-office communications, handwritten or other notices, diaries, invoices, purchase orders, bills of lading, work papers, and also including, but not limited to, originals and all copies which are different from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, representatives, employees, or attorneys of Defendant(s), or all persons acting on Defendant(s)' behalf, including documents at any time in the possession, custody or control of such Individuals or entities who are known by Defendant(s) to exist.   Include any catalog, brochure, or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored,

transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant(s) have or have had access.

18.     The term "communication" means any conversation, correspondence, discussion, meeting, message, record of phone calls, or other occurrence in which data, conclusions, information, opinions, or thoughts are exchanged between two or more persons, whether it be written, oral, or electronically transmitted.

19.     The terms "all" and "any" shall both be construed as "any and all."

20.     The terms "and," "or," and "and/or" shall be construed in both the disjunctive and conjunctive to permit the broadest possible reading of the request so as to bring within the scope of the request documents and other material that might otherwise be construed to be outside the request.

21.     The term "concerning" means concerning, comprising, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, illustrating, pertaining to, referring to, reflecting, regarding, relating to, responding to, stating, or supporting in any way, either directly or indirectly.

22.     The phrases "relating to" or "relate to" or "relates to" or "refer to" or "refers to" or "referred" or "relating to" and/or "regarding" shall be construed in the broadest possible sense to mean, *inter alia*, concerning, referring to, embodying, constituting, describing, connected with, commenting on, responding to, evidencing, identifying, supporting, contradicting, rebutting, pertaining to, and/or relating in any way.

23.     The term "including" or "include" shall mean "including without limitation."

24.     Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## **INSTRUCTIONS**

1.      In addition to the specific instructions enumerated below, the following Document Requests and Interrogatories shall be subject to the New Jersey Rules of Court.

2.      If more than one Plaintiff is identified in the caption as a party to this lawsuit, Defendants must respond to each request with specific responses applicable to each Plaintiff in this lawsuit.

3.      When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and last known place of employment.

4.      These Document Requests and Interrogatories shall be deemed continuing in nature so as to require prompt supplementation if, as, and when obtain additional information.

5.      If anyone identified in response to any of the Document Requests and/or Interrogatories was formerly, but is no longer, employed by you, please so state in the answer and provide the former employee's current address and telephone number (business or home), if known.  If the current address and telephone number are not known, then please provide the former employee's last known address and telephone number.

6.      You shall be under a continuing obligation to supplement answers to the Document Requests and Interrogatories.

7.      If you cannot respond to any of the following Document Requests and/or Interrogatories in full after exercising due diligence to secure the information to do so, then respond to the extent possible and explain your inability to provide a complete answer.  State whatever information or knowledge you have about the unanswered portion of any Document Request and/or Interrogatories.

8.      Whenever a Document Request and Interrogatories asks for a date, state the exact day, month and year, if ascertainable or, if not, the best approximation thereof.

9.      Documents shall be produced in their original state (i.e., in their original file folders in the exact order as found) without removal or rearrangement of anything contained therein.

10.      Each document request that seeks information relating in any way to communications to, from, or within a business or entity is hereby designated to mean, and should be construed to include, all communications by and between that business and/or entity's present or former representatives, employees, agents, and servants of the business and/or entity.

11.      All documents shall be organized and labeled to correspond with the numbered paragraphs of these document requests. If there are no documents responsive to a particular document request, Defendant(s) shall so state in writing.

12.      All electronically stored information shall be produced in a reasonably usable form, and it shall not be converted from the form in which it is ordinarily maintained to a different form that would make it more difficult or burdensome for Plaintiff to use such information.

13.      In the event that any document or portion thereof is withheld on the basis of any privilege or otherwise claimed to be protected against production, such document shall be identified by stating:   (a) the nature of the privilege or reason for withholding which Defendant(s) contend applied; (b) the factual basis for Defendant(s)' assertion of privilege or the reason for withholding; (c) the type of document (e.g., letter, memorandum, etc.); (d) all authors and addressees; (e) all indicated and blind copies; (f) all persons to whom the document was distributed, shown, or explained; (g) the document's date; (h) a summary description of the document's subject matter; (i) the number of pages and attachments or appendices comprising the document; and (j) its present custodian.

14.     Whenever a claim of privilege concerns any oral communication or statement, identify the participants to the communication and the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof and state the basis for the claim of privilege.

15.     If any document was, but is no longer, in Defendant(s)' possession, or subject to Defendant(s)' control, or in existence, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of.   In each instance, explain the circumstances surrounding any such disposition, including the authorization of the disposition, the date of destruction or discard, the manner of destruction or discard and reason for destruction or discard, the persons who authored and carried out such destruction or discard, whether any copies of the document presently exist, and, if so, the name of the custodian of each copy.

16.     An objection or claim of privilege directed to part of a request does not constitute an excuse for failure to respond to the parts of the Document Request and/or Interrogatories for which no objection to claim of privilege is made.

17.     If a refusal to answer a Document Request and/or Interrogatories is based on the grounds that the request is overly burdensome, identify the number and nature of documents needed to be searched.

18.     Punitive Requests relate to Corporate Defendant(s)' financial condition for purposes of punitive damages. "Case law recognizes the defendant's financial condition as a relevant factor in all punitive-damage awards." *Herman v. Sunshine Chemical Specialties, Inc.*, 133 N.J. 329, 339, (1993).  In order to properly determine the appropriate punitive damage award amount, the trier of fact "must consider evidence of the Defendant's financial condition." *Id.* at

342. "The degree of punishment resulting from a judgment must be, to some extent, in proportion to the means of the guilty person. *Restatement (Second) of Torts* 908 comment d (1977)." *McDonough v. Jorda*, 214 N.J. Super. 338, 349 (1986), *certif. denied*, 110 N.J. 302,(1988) *cert. denied*, 489 U.S. 1065 (1989).

## DOCUMENT REQUESTS TO DEFENDANT(S)

1.     All documents relating to any insurance policy or reinsurance policy that may be used to pay all or part of any judgment entered against Defendant(s) in this Action.

2.     All statements, documents, or communications concerning any Investigation that relates to the claims and defenses asserted in this Action.

3.     A complete copy of the personnel file Defendant(s) maintained pertaining to Plaintiff, including but not limited to copies of documents (written or electronic) relating to the following: (a) medical records and reports; pay and benefits provided to Plaintiff; attendance, sick time, disability time, personal time and/or vacation time; (d) commendations and/or performance reviews regarding Plaintiff; (e) job title or job status changes; (f) documents relating to any leave of absence; and (g) employer policy information provided to Plaintiff, if any.

4.     A complete copy of the personnel file Defendant(s) maintained pertaining to any Defendant, including but not limited to copies of documents (written or electronic) relating to the following: Copies of the following from the personnel file of any Individual Defendants:  (a) disciplinary action (i.e., oral reprimand, written reprimand, suspension, demotion, loss of pay, termination) being taken against  any Individual Defendant; (b) performance evaluations that were conducted for any Individual Defendant; and (c) job title or job status changes for any Individual Defendant.

5.      A copy of any and all written complaints and/or verbal complaints reduced to writing made about any Defendants(s)' personal conduct (other than related to his/her job performance) during his/her tenure of employment with employer Defendant, if any.

6.      A written job description for each position that Plaintiff held during his/her employment with employer Defendant.

7.      A written job description for each position each Individual Defendant held during his/her tenure of employment with employer Defendant.

8.      A copy of any and all documents (written or electronic) authored by any Defendant (or agent of employer Defendant) that pertain to the decision to terminate Plaintiff's employment, if applicable.

9.      A copy of all documents (written or electronic) relating to each and every instance since January 01, 2014 in which an allegation was made and/or a lawsuit filed alleging that Defendants engaged in whistleblower retaliation in violation of New Jersey's Conscientious Employee Protection Act. For each and every such instance, identify the person(s) who made the allegation, the person(s) against whom the allegation was made, the date of the behavior complained of, the date the complaint was made, the nature of the behavior complained of, and how, if any way, you investigated, handled, processed, and/or ultimately disposed of each and every such matter.

10.     A copy of Defendant(s) written policy concerning reporting legal, fraud, deception, safety, health, policy, or regulatory violations or incidents.

11.     All statements, documents, or communications that relate to federal or state inspection and/or investigation of Defendant(s) in the last five (5) years.

12.     All statements, documents, or communications that relate to reporting misconduct, safety or health violations or incidents, and/or unlawful conduct to any regulatory or governmental authority.

13.     All statements, documents, or communications that relate to all notices, violations, and/or warnings received by Defendant(s) over the past ten (10) years from any State and/or Federal and/or Local regulatory authorities who oversee, license, regulate, or discipline Defendant(s) operations, and/or Defendant(s)' employees.

14.     All statements, documents, or communications that relate to all laws, regulations, policies, or guidelines Defendant(s) follows or is required to follow in connection with its business.

15.     A copy of any and all documents which pertain to any investigation conducted by Defendant(s) into the allegations made by Plaintiff or which is referenced in the complaint.

16.     All statements, documents, or communications concerning or made by the Plaintiff that relate to this Action.

17.     All statements, documents, or communications concerning or made by Defendant(s) that relate to this Action.

18.     All statements, documents, or communications concerning or made by the Plaintiff that relate to the allegations asserted in the Complaint.

19.     All statements, documents, or communications concerning or made by Defendant(s) that relate to the allegations asserted in the Complaint.

20.     All statements, documents, or communications relating to statements of witnesses provided to Defendant(s) that relate to this Action.

21.     All statements, documents, or communications concerning or made by the Plaintiff that relate to the defenses, affirmative defenses, and/or denials asserted in the Answer.

22.     All statements, documents, or communications concerning or made by Defendant(s) that relate to the defenses, affirmative defenses, and/or denials asserted in the Answer.

23.     All statements, documents, or communications concerning or made by any Person (including any employees or coworkers) that relate to the allegations asserted in the Complaint.

24.     All statements, documents, or communications concerning or made by any Person (including any of Defendant(s)' employees or coworkers) that relate to the defenses, affirmative defenses, and/or denials asserted in the Answer.

25.     All statements, documents, or communications that support any defense or factual allegation asserted by Defendant(s) this Action.

26.     All statements, documents, or communications concerning any agreement or contract between the Plaintiff and Defendant(s).

27.     All statements, documents, or communications relating to any Person contacted in connection with this Action.

28.     All statements, documents, or communications relating to any Person interviewed in connection with this Action.

29.     All statements, documents, or communications concerning any Person who has knowledge and/or information relating to this Action.

30.     All statements, documents, or communications between the Plaintiff and Defendant(s) that relate to this Action.

31.     All statements, documents, or communications concerning any admissions by or of Defendant(s) that relate to this Action.

32.     All statements, documents, or communications concerning any admissions of Plaintiff that Defendant(s) contends support his/her defenses in this Action.

33.     All statements, documents, or communications concerning any admissions of the Plaintiff that Defendant(s) contend support the defenses in this Action.

34.     All statements, documents, or communications concerning each of Defendant(s) Affirmative Defense(s) set forth in the Answer filed on behalf of Defendant(s).

35.     All statements, documents, or communications concerning any of Defendant(s) denials of allegations set forth in the Complaint.

36.     All statements, documents, or communications concerning any employee anti-retaliation training completed by Defendant(s).

37.     All documents any expert who may testify on Defendant(s) behalf and which Defendant(s) intend to use or may rely upon at trial.

38.     Copies of all books, documents, drawings, plans, photographs or other tangible things upon which Defendant(s) will rely in support of its defenses.

39.     All statements, documents, or communications relating to any incident reports by the Plaintiff.

40.     All statements, documents, or communications relating to any Grievance made by the Plaintiff concerning Defendant(s).

41.     All statements, documents, or communications relating to any Grievance made by Defendant(s)' employees concerning Defendant(s).

42.     All statements, documents, or communications relating to any Grievance made by Defendant(s)'s customers or clients concerning Defendant(s).

43.     All statements, documents, or communications concerning a Grievance relating to Defendant(s).

44.     All statements, documents, or communications relating to any Investigation concerning Defendant(s).

45.     All documents Defendant(s) intend to use for any purpose in this litigation, including but not limited to the data it intends to use in depositions or at trial.

46.     All documents relating to any insurance policy or reinsurance policy that may be used to pay all or part of any judgment entered against Defendant(s) in this Action.

47.     All statements, documents, or communications concerning any Investigation that relates to the claims and defenses asserted in this Action.

48.     All statements, documents, or communications concerning any Investigation that relates to Defendant(s).

49.     All statements, documents, or communications concerning any Investigation that relates to Plaintiff.

50.     All reports (including drafts) relating to any Investigation concerning Defendant(s) and/or the Plaintiff.

51.     All statements, documents, or communications between Defendant(s) and any Person relating to any Investigation of Defendant(s).

52.     Any written statements made by any parties to this lawsuit, including agents, representatives, employees of Defendant(s).

53.     Any reports relevant to this matter written by an expert utilized by Defendant(s).

54.     Copies of any and all books, treatises, pamphlets or other printed material upon which Defendant(s) or any experts retained by Defendant(s) will rely, including using as an exhibit at trial.

55.     All statements of witnesses taken by Defendant(s), including Defendant(s)' agents or representatives.

56.     All documents or written statements rendered by any persons contacted or interviewed in connection with this matter at Defendant(s) direction.

57.     All documents relating to and/or containing any admissions Defendant(s) intend to use at trial.

58.     All documents relating to any incident reports or Grievances taken concerning the Plaintiff.

59.     All documents and electronic data that relate to, refer to, discuss or memorialize the Plaintiff's hiring.

60.     All documents and electronic data that relate to, refer to, discuss or memorialize the termination, demotion, suspension, separation, and/or resignation of Plaintiff.

61.     Copies of any photographs, video, text messages, iMessages, emails or other medium with regard to any communications between Defendant(s) and Plaintiff.

62.     Copies of any photographs, video, text messages, iMessages, emails or other medium with regard to any communications between Defendant(s) and Defendant(s)' agents, servants or representatives.

63.     All documents relating to this Plaintiff performance of his/her job duties.

64.     All statements, documents, or communications concerning Plaintiff's performance of his/her job duties for the past ten (10) years, including but not limited to employee evaluations.

65.     All documents and electronic data that relate to, refer to, discuss or memorialize the job performance of the individual or individuals who assumed the Plaintiff in this matter's job duties after his/her employment.

66.     All statements, documents, or communications concerning Defendant(s)' performance of his/her job duties for the past ten (10) years, including but not limited to employee evaluations.

67.     All statements, documents, or communications concerning any communication between Defendant(s) and Defendant(s)' Human Resources department regarding Plaintiff.

68.     All documents identified or referenced in Defendant(s)' Answers to Plaintiff's First Set of Interrogatories to Defendant(s).

69.     Produce a copy of the employee handbook in force and effect at the time of the Plaintiff's employment with Defendant(s).

70.     Produce a copy of Defendant(s)' written policy concerning retaliation.

71.     All documents relating to Defendant(s)' policy or policies concerning electronic data retention and preservation.

72.     All documents relating to the Plaintiff's hiring by Defendant(s).

73.     All documents relating to the Plaintiff's compensation during his/her employment with Defendant(s).

74.     All documents relating to any employee benefits or benefit plan in which the Plaintiff was/were eligible to participate during his/her employment with Defendant(s).

75.     All documents or electronic data relating, reflecting or referring to Defendant(s) policy or policies concerning employees' use of laptops and management, preservation and/or deletion of data on such laptops.

76.     All documents or electronic data relating, reflecting or referring to Defendant(s) policy or policies concerning employees' use of desktop computers from home or remote locations, and the management, preservation and/or deletion of data created or transmitted to or from such computers.

77.     All documents or electronic data relating, reflecting or referring to Defendant(s) policy or policies concerning employees' use of e-mail, including but not limited to the management, preservation and/or deletion of email.

78.     All documents or electronic data relating, reflecting or referring to Defendant(s) policy or policies concerning the management, preservation and/or deletion of data related to the Plaintiff's employment.

79.     All documents or electronic data relating, reflecting or referring to Defendant(s) policy or policies concerning the management, preservation, and/or deletion of data related to any tangible employment action taken against Plaintiff.

80.     All documents or electronic data relating, reflecting or referring to the management, preservation and/or deletion of electronic media that may contain information or data relevant to issues in this litigation, including but not limited to the "routine" destruction of replaced computer memories, hard drives, computers, computer systems, laptops, etc.

81.     All documents or electronic data relating, reflecting or referring to Defendant(s) policy or policies concerning electronic data retention and preservation.

82.     All documents or electronic data relating, reflecting or referring to Defendant(s) policy or policies concerning Defendant(s) employees' use of its computers, computer system(s) and/or networks.

83.     All documents or electronic data relating, reflecting or referring to Defendant(s) ability to restore archived electronic data relating to the Plaintiff's employment contained on electronic media such that upon restoration it may be accessed, viewed, exported or printed.

84.     All statements, documents, or communications concerning any occasion in which Defendant(s) reprimanded or disciplined Plaintiff.

85.     All statements, documents, or communications concerning Defendant(s) receiving any sensitivity training or any training regarding appropriate workplace language and conduct.

## **INTERROGATORIES TO DEFENDANT(S)**

1.     Identify by full name, job title, last known address, phone number and tenure of employment, all Persons Defendant(s) contends comprises its Litigation Control Group in this action and for each such identified person, the reasons for their inclusion in this group.

2.     State the reasons why Plaintiff's position of employment was terminated or otherwise subjected to adverse employment action.

3.     Identify by full name, job title, last known address and phone number the person or persons who made the decision to terminate Plaintiff's position of employment or otherwise subjected to adverse employment action.

4.     Identify by full name, job title, last known address and phone number each person who provided information to Defendant(s) that was relied upon on deciding to terminate Plaintiff's employment. For each such person, identify in detail the information provided, to whom it was provided and when it was provided.

5.     What facts or information did Defendants provide that was relied upon in deciding to terminate Plaintiff's employment otherwise subjected to adverse employment action.

6.     Identify by full name, job title, last known address and phone number each person who provided information to Defendant that was relied upon in deciding to terminate Plaintiff's employment otherwise subjected to adverse employment action.

7.     Identify and provide full details concerning any Investigation relating to the allegations and claims in the Complaint, including but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken.

8.     Identify each Person answering these Interrogatories by stating his or her:

    a.   full name;
    b.   address,
    c.   title and relationship to the party upon whom these Interrogatories were served;
    d.   his/her duties and responsibilities with the party upon whom these Interrogatories were served;
    e.   the date when the employment of the person answering these Interrogatories commenced;
    f.   the date upon which these Interrogatories were answered;
    g.   whether you read and complied with the general instructions and definitions set forth in these Interrogatories (If not, explain in detail exactly how you failed to comply with these directions.); and
    h.   any custodians of records with relevant knowledge of documents produced in this matter.

9.     State if information set forth in the answers to these Interrogatories is based on personal knowledge.  If not based on personal knowledge, set forth with specificity the sources of information and belief.

10.     Identify each person, not a party to the action, who assisted or participated in preparing and/or supplying any of the information given in answer to or relied in answering these Interrogatories.

11.     Indicate whether the individual or individuals certifying these Interrogatory answers had the opportunity to review the typed responses.

12.     Identify all documents used in responding to these Interrogatories.  State whether the facts set forth in the answers are based on personal knowledge.

13.     State the name, last known address, and last known telephone number of all persons who have knowledge of facts relating in any way to this matter, and specify the subject matter of each such person's knowledge.

14.     State the name, last known address, and last known telephone number of each person whom Defendant(s) may expect to call as a witness at trial and indicate those facts to which each such witness is expected to testify.

15.     State the names and business addresses of any and all proposed expert witnesses whom Defendant(s) have retained for this matter.

16.     With respect to each proposed expert witness referred to in the preceding Interrogatory, provide the following:

- a.     field of expertise;
- b.     educational background;
- c.     the names of any and all books, periodicals, or other writings that he or she has written or to which he or she has contributed;
- d.     the date, time, and place at which any oral opinion was rendered, specifying to whom that opinion was rendered and describing the content of that opinion;
- e.     true and accurate copies of any and all written reports or opinions, including drafts;
- f.     the name, last known address, last known telephone number, job title, and current employer of each person with whom the expert has met in connection with formulating his or her opinion or preparing his or her report(s);
- g.     true and accurate copies of any and all documents that the expert created, obtained, or reviewed in connection with the formulation of his or her opinion or the preparation of his or her report(s);

h.    all tangible things upon which your expert(s) may rely as an exhibit at trial and identify the name and address of the person in whose custody the above identified tangible things are at the present time; and

i.    if any such reports, either written or oral, subsequently become known to you or become available, submit copies thereof to supplemental answers to these Interrogatories.

17.    With respect to each proposed expert witness referred to in the preceding Interrogatory, set forth in summary form the substance of the opinion to which each is expected to testify, including a summary of grounds for each opinion.

18.    Identify the names and addresses of any persons other than those named in the preceding three Interrogatories, who have been retained, specifically employed, or consulted by Defendant(s) in anticipation of litigation or preparation for trial and who may not be called as witnesses at trial and as to each:

a.    state the subject matter on which he/she was consulted;

b.    state his/her field of expertise;

c.    set forth the full and detailed qualifications, training, professional and practical experience, education and degree obtained by such person. (As to each item listed in the answer to this Interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended; furthermore, set forth the nature of each place at which experience or training was received);

d.    attach to the answers to these Interrogatories copies of all written reports submitted to you (or detailed resume if report was oral) of each such expert;

e.    state whether or not there are any other reports in existence from the particular experts named, either written or oral (if any such reports, either written or oral, subsequently become known to you, or become available, submit copies thereof of supplemental answers to these Interrogatories);

f.    set forth completely all expert opinions rendered by the named expert(s) which are not in writing;

g.    identify each document that has been relied upon by each expert witness in the formulation of his or her opinion; and

h.    state a summary of the grounds for each opinion.

19.    List chronologically each job title held by the Plaintiff while employed by any Defendant(s) indicating the time period during which each position was held.

20.     For any position held by the Plaintiff while employed by Defendant(s) for which there is no job description, describe with specificity the job functions of each such position to the best of Defendant(s)' knowledge.

21.     State the required qualifications and skills for each and every job title that the Plaintiff held while employed by any Defendant(s).

22.     State whether the Plaintiff was ever promoted while employed by any Defendant(s). For each promotion, state the following:

    a.  from what position or job title the promotion was from and to what position or job title the promotion was to;
    b.  the date of the promotion;
    c.  the reason(s) for the promotion;
    d.  the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;
    e.  the criteria used in making the decision; and
    f.  identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

23.     State whether the Plaintiff was ever demoted while employed by any Defendant(s). For each demotion, state the following:

    a.  from what position or job title the demotion was from and to what position or job title the demotion was to;
    b.  the date of the demotion;
    c.  the reason(s) for the demotion;
    d.  the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;
    e.  the criteria used in making the decision; and
    f.  identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

24.     List chronologically each job title held by Defendant(s) while employed by any Defendant(s), indicating the time period during which each position was held.

25.     For any position held by Defendant(s) while employed by any Defendant(s) which there is no job description, describe with specificity the job functions of each such position to the best of Defendant(s)' knowledge.

26.     State the required qualifications and skills for each and every job title that Defendant(s) held while employed by any Defendant(s).

27.     State whether Defendant(s) was/were ever promoted while employed by any Defendant(s). For each promotion, state the following:

   a.     from what position or job title the promotion was from and to what position or job title the promotion was to;
   b.     the date of the promotion;
   c.     the reason(s) for the promotion;
   d.     the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;
   e.     the criteria used in making the decision; and
   f.     identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

28.     State whether Defendant(s) were ever demoted while employed by any Defendant(s). For each demotion, state the following:

   a.     from what position or job title the demotion was from and to what position or job title the demotion was to;
   b.     the date of the demotion;
   c.     the reason(s) for the demotion;
   d.     the names, last known addresses, last known telephone numbers, and job titles, of all persons involved in the decision-making process and the nature and extent of their involvement in the decision;
   e.     the criteria used in making the decision; and
   f.     identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

29.     State the full name of each manager that worked with or oversaw the Plaintiff.

30.     Identify and provide full details concerning any Investigation relating to the allegations and claims in the Complaint, including but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken.

31.     Identify and provide full details concerning any Investigation relating to the allegations and claims in the Complaint, including but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken.   Identify those who Defendant(s) contacted or assigned to conduct each specific investigation or inquiry, who was questioned, what was discovered, and what corrective action was taken to the best of Defendant(s)' knowledge.   Provide copies of any examinations, audits, findings, reports, or notices in Individual Defendant(s)' possession.

32.     Identify and provide full details concerning any Investigation relating to any denials or defenses asserted in the Answer, including but not limited to who was questioned or interviewed, what was discovered, and what corrective action was taken.

33.     Identify all persons employed by Defendant(s) who are responsible for Human Resources, personnel matter, training, orientation, and personnel monitoring for the previous five (5) years to the best of Defendant(s)' knowledge.

34.     Identify and annex hereto any performance evaluations or review of the Plaintiff conducted by Defendant(s) from her/his date of employment to the present.

35.     Identify and annex hereto any performance evaluations or review of Defendant(s) conducted by Defendant(s) from their respective dates of employment to the present.

36.     Identify and annex hereto any performance evaluations or review of the Plaintiff conducted by Defendant(s) from the Plaintiff's date of employment to the present.

37.     State whether any Defendant(s) received or went through an orientation program when he/she was hired to work at Defendant(s) and describe said program.  If so:

      a.     provide a description of the system(s) or procedure(s) used for orientation for the past five (5) years; and

      b.     identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

38.     State whether Defendant(s) maintain a system or procedure for recording, investigating, and/or resolving employee complaints or grievances of retaliation. If so:

     a.     provide a description of the system(s) or procedure(s) used for the past five (5) years to present; and

     b.     identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

39.     Identify and provide full details concerning all harassment and discrimination prevention training conducted by Defendant(s) in the past five (5) years.

40.     In connection with Defendant(s)' response to the preceding Interrogatory, provide full details of such training including the dates, and provide any written materials used in such training.  If the training was provided by a third party, please forward the third party's name, business address, and last known phone number, together with the third party's qualifications to perform such training.

41.     State whether any civil or criminal actions have ever been filed charging Defendant(s) with harassment, discrimination and/or retaliation in the past ten (10) years.  This includes, but is not limited to all judicial, administration, and/or arbitration hearings.  If so, provide the following for each such action:

     a.     the name, last known address, last known telephone number, and job title of the complainant(s);

     b.     the title of the action;

     c.     the name and address of the court where the action was filed;

     d.     the docket number of the action;

     e.     the date on which the action was filed;

     f.     the nature and substance of the action;

     g.     the disposition or present status of the action;

     h.     whether the case was tried and, if so, the verdict;

     i.     the amount of punitive damages, if any;

     j.     the amount of compensatory damages, if any; and

     k.     identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

42.     Please describe in detail complaints or Grievances (formal or otherwise) made by the Plaintiff with regard to discrimination, harassment, hostile workplace environment, and/or unfair favoritism regarding fellow employees and/or Defendant(s).

43.     Describe, in detail, all complaints or Grievances (formal or otherwise) by any employees of Defendant(s) relating to discrimination, harassment, hostile workplace environment and/or unfair favoritism by Defendant(s) in the past ten (10) years.

44.     Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to all complaints or Grievances of discrimination, harassment, hostile workplace environment and/or unfair favoritism by Defendant(s) in the past ten (10) years.

45.     Identify each and every document relating to any and all complaints or Grievances made by Defendant(s)' employees of relating to Defendant(s) in the past ten (10) years.  Annex hereto a copy of each said document

46.     Describe, in detail, all complaints or Grievances (formal or otherwise) by any of Defendant(s)' clients or customers relating to Defendant(s).

47.     Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to complaints or Grievances by any clients or customers relating to Defendant(s).

48.     Identify each and every document relating to any and all complaints or Grievances (formal or otherwise) made by Defendant(s)' clients or customers relating to Defendant(s).  Annex hereto a copy of each said document.

49.     Describe, in detail, the facts and circumstances relating to the method and process by which complaints or Grievances are handled and resolved with the Human Resources Departments (or similar departments) at Defendant(s).

50.     Please describe, in detail, the method by which an employee transfer (such as a transfer to another department or location) is conducted by Defendant(s).

51.     Please describe, in detail, if there are any limitations on employee transfers (such as a transfer to another department or location) at Defendant(s).

52.     Identify every paper, writing, memorandum or document of every kind and description of which Defendant(s) have knowledge which is, in any way, intended to support any claim, defense, affirmative defense, or factual allegation, or to be used by Defendant(s) in any manner, including but not limited to, during the examination of any witness; describe the document as to content and other characteristics, and state the present location of such documents, or in lieu thereof, attach true copies to Defendant(s)' answers to these Interrogatories. Annex hereto a copy of each said document.  For each such document or tangible thing upon which Defendant(s) will rely in support of Defendant(s)' claims/defenses/affirmative defenses state:

    a.     its description;
    b.     its nature;
    c.     the name and address of person who has custody;
    d.     its location; and
    e.     its condition.

53.     Describe in detail the factual basis for each of Defendant(s) denials of the allegations of the Complaint.

54.     Identify each document in Defendant(s)' possession or control, in addition to the documents referred to in other answers to these Interrogatories, which is in any way related to the subject matter of this litigation.  Annex hereto a copy of each said document.

55.   Are there any documents that Defendant(s) know or believe to be in existence, although not in Defendant(s)' possession or control, that in any way relate to the subject matter of this litigation?  If so, identify each such document, set forth the source of Defendant(s)' information or belief regarding the existence of such document, and identify the person or entity in whose possession or control such document is known or believed to be.

56.   Identify each and every document, which supports, tends to support or is claimed by Defendant(s) to support any of Defendant(s)' answers to these Interrogatories.  As to each such document, identify those facts to which each document refers or relates.  Annex hereto a copy of each said document.

57.   Have any admissions been made by party or parties propounding these Interrogatories, or any of his/her/its/their agents, servants or representatives concerning the subject matter of this litigation?  If the answer to this Interrogatory is in the affirmative, set forth in detail the following:

     a.    the time, date and place of each admission;
     b.    the content and substance of each admission;
     c.    the name and address of each person making an admission;
     d.    if the admission was an oral communication, the names and addresses of all persons present when the admission was made;
     e.    if the admission was made in a document, attach a copy thereof to Defendant(s)' answers to these Interrogatories; and
     f.    if the admission was made in an oral communication, describe verbatim, to the extent possible, what was said by each party to such oral communication.

58.   Set forth whether Defendant(s) have obtained a statement from the party or parties propounding these Interrogatories.  If the affirmative, state:

     a.    if written, attach a true copy of the statement;
     b.    if oral, set forth a verbatim recitation of the statement and advise whether the statement was recorded, the manner of recording and the person who has custody of the statement; and
     c.    the date the statement was obtained.

59.     Set forth whether Defendant(s) have obtained a statement from any person not a party to this action.  If your answer is in the affirmative, state:

      a.      Name and address of the person who gave the statement, and date statement obtained;

      b.      if written, whether signed by the person;

      c.      if oral, name and address of the person who obtained the statement, and if recorded, the nature and present custody of recording;

      d.      attach a copy of all said written statements; and

      e.      if oral, set forth completely the substance of said statements.

60.     Attach to your answers to these Interrogatories any correspondence between or among the parties to this action, or their agents, servants or employees, upon which Defendant(s) may rely at the time of trial to establish any of your claims or defenses/affirmative defenses.

61.     Attach to your answers to these Interrogatories any correspondence between or among the parties to this action, or their agents, servants or employees.

62.     Please set forth the existence and contents of any insurance agreement pertaining to the issues in the case, insuring the party answering this Interrogatory.  This request is made pursuant to *Rule* 4:10-2(b).

63.     State the policy limits of any insurance policies naming Defendant(s) as an insured which cover the claims in this litigation, along with the name of the insurance carrier and policy number, the amount of any applicable deductible, and if the claim is being defended under a Reservation of Rights Agreement or letter, attach a copy of said Reservation of Rights Agreement or letter.

64.     If the party or parties answering these Interrogatories believes that some person, not a party to this action, is in some way responsible for the injuries and/or damages alleged, please set forth the name and address of such person, and the acts or omissions and address of such person, the acts or omissions of said person which caused the injury or damage and the facts which support the belief.

65.     If the person certifying the answers to these Interrogatories did not answer each and every question, then identify each person supplying information used to answer the above Interrogatories and set forth the numbers of the Interrogatories as to which each such person supplied information.

66.     Will the proofs to be presented by Defendant(s) contain allegations that an adverse party, including the party or parties propounding these Interrogatories, violated or failed to comply with any law, statute, ordinance, resolution, regulation or written standard of conduct in connection with the subject matter of this litigation?

67.     If the answer to the preceding Interrogatory in the affirmative, identify the law or statute, ordinance, resolution, regulation or written standard of conduct which was allegedly violated and describe, in detail, the nature of such violation(s).

68.     Enumerate specifically all of the things that you contend the party serving these Interrogatories did which should not have been done.

69.     State whether Defendant(s)' agents communicated with any persons or entities that are not parties to this litigation in connection with the subject matter of this lawsuit.  For all such communications that were oral, specify the nature and substance of the communication, the date on which it occurred, the place at which it occurred, and the names, last known addresses, and last known telephone numbers of all persons present.  For all such communications that were written, provide true and accurate copies of each such communication.

70.     Set forth whether Defendant(s) and/or any of Defendant(s) agents or representatives and/or Defendant(s)' other employees either destroyed or disposed of any documents that in any way touch upon, discuss or pertain to any matters relating to this suit. If "yes,"

    a.      identify each document;

    b.      state when it was destroyed or disposed of; and

    c.      identify the person who authorized or ordered the destruction.

71.    Identify and provide herewith a copy of all instant messages, voicemails, and emails between or among Defendant(s) and/or agents, representatives, and employees including the Plaintiff and Defendant(s), for the past five (5) years.

72.    State whether at any time, Defendant(s) ever taped and/or digitally recorded any communication with the Plaintiff, whether face-to-face or telephonic.  If so, describe in detail, including but not limited to:

    a.      the identity of each Defendant(s) recorded;

    b.      the date, time, place, and manner in which you recorded the communications;

    c.      the substance of the recorded communications;

    d.      the device used for making such recordings; and

    e.      whether you obtained consent to tape or record such communications. Provide any such recordings.

73.    Set forth in detail all notices and warnings Defendant received over the past ten (10) years from any State and/or Federal and/or Local regulatory authorities who oversee, license, regulate, or discipline its operations, and/or their employees.

74.    Set forth in detail, to your knowledge, all notices and warnings received by the Defendant(s) over the past ten (10) years from any State and/or Federal and/or Local regulatory authorities who oversee, license, regulate, or discipline your operations, and/or your employees.

75.    Describe, in detail, any complaints to, investigations by, and/or inquiries by the New Jersey Department of Labor with regard to any employment matter concerning Defendant(s) for the past five (5) years.  Identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

76.     Set forth Defendant(s)' policy or policies concerning employees' use of laptops, personal or provided by Defendant(s), from home or remote locations, and the management, preservation and/or deletion of data on such laptops.

77.     Set forth Defendant(s)' policy or policies concerning employees' use of desktop computers (personal or provided by Defendant(s)) from home or remote locations, and the management, preservation and/or deletion of data created or transmitted to or from such computers.

78.     Set forth Defendant(s)' policy or policies concerning employees' use of e-mail, including but not limited to the management, preservation and/or deletion of e-mail.

79.     Set forth Defendant(s)' policy or policies concerning the management, preservation, and/or deletion of electronic media that may contain information or data relevant to issues in this litigation, including but not limited to the "routine" destruction of replaced computer memories, hard drives, computers, computer systems, laptops, etc.

80.     Set forth Defendant(s)' policy or policies concerning electronic data retention and preservation.

81.     Set forth Defendant(s)' policy or policies concerning Defendant(s)' employees' use of Defendant(s)' computers, computer system(s) and/or networks.

82.     Describe in detail Defendant(s)' ability to restore archived electronic data relating to the Plaintiff in this matter's employment contained on electronic media such that upon restoration it may be accessed, viewed, exported or printed.

83.     Describe in detail Defendant(s)' ability to restore archived electronic data relating to the employment of Defendant(s) contained on electronic media such that upon restoration it may be accessed, viewed, exported or printed.

84.   Identify each Individual with knowledge of:

a.   The type and location of all hardware used as terminals for email, including servers, personal computers, laptops, PDAs, etc. at Corporate Defendant(s) between January 1, 2009 and the present;

b.   Computer software operating systems and end user-applications servicing Corporate Defendant(s) between January 1, 2009 and the present;

c.   All email software and versions which have been used on hardware servicing Corporate Defendant(s) between January 1, 2009 and the present;

d.   The email file naming conventions and standards;

e.   The back-up and rotation schedules for all email generated or received by Corporate Defendant(s)' employees between January 1, 2009 and the present;

f.   Electronic data retention, preservation and destruction policies;

g.   Diskette, CD, DVD and other removable media labeling standards;

h.   Structure and organization of all information and technology departments and/or information technology support vendors involved with the computer systems at Corporate Defendant(s);

i.   The location of the email produced in response to the Plaintiff in this matter's First Request for Production;

j.   The method of search for the documents and electronic data requested in the Plaintiff in this matter's First Request for Production; and

k.   The date and time of destruction of any electronic data requested in the Plaintiff in this matter's First Request for Production.

85.   Identify each email account each Defendant(s) utilized as an employee of Defendant(s) in the last three years.

86.   Identify and describe in full detail Defendant(s)' policy relating to an employee's complaint of discrimination and/or retaliation.

87.   Identify and describe in full detail the facts and circumstances surrounding the Plaintiff in the matter's complaint of discrimination and/or retaliation to any of the Defendant(s).

88.   Identify and describe in full detail all communications between Defendant(s) concerning the Plaintiff.

89.   Identify and describe the subject matter of any communications concerning or between any of the Defendant(s) relating to the subject matter of this litigation.

90.     Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to any of the Defendant(s) in the past ten (10) years.

91.     Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to Defendant(s) in the past ten (10) years.

92.     Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to Plaintiff in the past ten (10) years.

93.     Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to any of the Defendant(s) in the past ten (10) years.

94.     Identify and describe the facts and details relating to each instance in which any of the Defendant(s) reprimanded or disciplined Plaintiff while employed at Defendant(s).

95.     Identify and describe the facts and details relating to each instance in which any of the Defendant(s) were reprimanded or disciplined.

96.     Identify and describe in detail Defendant(s)' employee complaint procedure and/or policy.

97.     Identify and describe in detail Defendant(s)' procedure and/or policy for reprimanding, suspending, and terminating employees.

98.     Describe, in detail, the factual basis for each Affirmative Defense set forth in the Answer.

99.     Describe, in full detail, the facts and circumstances relating to any change in Plaintiff's position and/or job responsibilities.

100.    Describe, in full detail, the facts and circumstances relating to any change in Defendant(s) position and/or job responsibilities.

101.    Describe, in full detail, any facts and circumstances surrounding any occasion when clients or customers of Defendant(s) reported a Grievance (formal or otherwise) regarding any Defendant(s).

102.    Identify any and all laws, regulations, policies, or guidelines Defendant(s)' employees follow or are required to follow concerning reporting misconduct and/or unlawful conduct to any regulatory or governmental authority.

103.    Identify and describe any and all laws, regulations, policies, or guidelines Defendant(s)' employees follow or are required to follow concerning licensing in connection with Defendant(s)' businesses.

104.    Identify and describe any and all laws, regulations, policies, or guidelines Defendant(s) follows or is required to follow concerning insurance in connection with its business.

105.    Identify and provide full details concerning any New Jersey Department of Labor, Federal Bureau of Investigation, Attorneys' General Office, U.S. Attorney's Office Investigation, or any other regulatory body or law enforcement agency, of Defendant(s) in the last five (5) years.

106.    Identify and provide full details concerning any state or federal Investigation of Defendant(s) in the last five (5) years.

107.    Identify and provide full details concerning all regulatory compliance trainings conducted by Defendant(s) in the past five (5) years.

108.    In connection with Defendant(s)' response to the preceding Interrogatory, provide full details of such training including the dates, and provide any written materials used in such training.  If the training was provided by a third party, please forward the third party's name,

business address, and last known phone number, together with the third party's qualifications to perform such training.

109.   Identify and describe, in detail, instances when Plaintiff reported, complained, and/or stated a Grievance (formal or otherwise) to any Defendant(s), including Defendant(s)' agents.

110.   Identify and describe, in detail, instances when Plaintiff reported, complained, and/or stated a Grievance (formal or otherwise) to any Defendant(s) superior including Defendant(s)' agent(s), regarding matters contained in the Complaint in connection with Defendant(s)' business.

111.   Identify and describe, in detail, instances when Plaintiff reported, complained, and/or stated a Grievance (formal or otherwise) to any Defendant(s), including Defendant(s)' agents, regarding reporting misconduct and/or unlawful conduct in connection with Defendant(s)' business.

112.   Identify and describe each state inspection and/or investigation of Defendant(s) in the last five (5) years.

113.   Identify and describe each federal inspection and/or investigation of Defendant(s) in the last five (5) years.

114.   Identify and describe when and how Defendant(s) were notified of each state and/or federal inspection and/or investigation of Defendant(s) in the last five (5) years.

115.   Describe, in full detail, the circumstances surrounding the termination of Plaintiff's employment.

116.    Identify and describe in detail each communication between any employee of Defendant(s), regarding the matters contained in the Complaint.  Annex hereto any documents relevant to this request.

117.    Identify and describe in detail each communication between any employee of Defendant(s), regarding the Plaintiff.  Annex hereto any documents relevant to this request.

118.    Identify and describe Defendant(s)' policy regarding incidents of unlawful conduct.

119.    Identify and describe Defendant(s)' policy regarding reporting incidents related to the subject matter of this litigation.

120.    Identify all regulatory authorities that oversee Defendant(s).

121.    Identify all state authorities that oversee Defendant(s).

122.    State whether any civil or criminal actions have ever been filed charging Defendant(s), with unlawful conduct in the past five (5) years.  This includes, but is not limited to all judicial, administration, and/or arbitration hearings.  If so, provide the following for each such action:

a.    the name, last known address, last known telephone number, and job title of the complainant(s);
b.    the title of the action;
c.    the name and address of the court where the action was filed;
d.    the docket number of the action;
e.    the date on which the action was filed;
f.    the nature and substance of the action;
g.    the disposition or present status of the action;
h.    whether the case was tried and, if so, the verdict;
i.    the amount of punitive damages, if any;
j.    the amount of compensatory damages, if any; and
k.    identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

123.    State whether any civil or criminal actions have ever been filed charging Defendant(s) with retaliation in the past ten (10) years.  This includes, but is not limited to all

judicial, administration, and/or arbitration hearings.  If so, provide the following for each such action:

    a.    the name, last known address, last known telephone number, and job title of the complainant(s);

    b.    the title of the action;

    c.    the name and address of the court where the action was filed;

    d.    the docket number of the action;

    e.    the date on which the action was filed;

    f.    the nature and substance of the action;

    g.    the disposition or present status of the action;

    h.    whether the case was tried and, if so, the verdict;

    i.    the amount of punitive damages, if any;

    j.    the amount of compensatory damages, if any; and

    k.    identify all documents that in any way touch upon, discuss or pertain to any of the matters referred to in this Interrogatory.

124.    Identify and describe in full detail Defendant(s)' policy relating to an employee's complaint of retaliation.

125.    Identify and describe in full detail the facts and circumstances surrounding the Plaintiff in the matter's complaint of retaliation to any of the Defendant(s) in this matter.

126.    Please describe in detail complaints or Grievances (formal or otherwise) made by Plaintiff regarding fellow employees and Defendant(s).

127.    Describe, in detail, all complaints or Grievances (formal or otherwise) by any employees of Defendant(s) relating to Plaintiff and/or Defendant(s) in the past five (5) years.

128.    Describe, in detail, the investigation, determination and/or disciplinary actions taken by Defendant(s) relating to all complaints or Grievances concerning Defendant(s) in the past five (5) years.

129.    Identify each and every document relating to any and all complaints or Grievances made by any employee of Defendant(s) relating Defendant(s) in the past five (5) years.  Annex hereto a copy of each said document.

130.   Identify each and every document relating to any and all complaints or Grievances (formal or otherwise) made by any Person in connection with Defendant(s) and/or any Defendant(s)' employee. Annex hereto a copy of each said document.

131.   State whether there is a Human Resources Department, or a similar department, at Defendant(s).

132.   Describe, in detail, the facts and circumstances relating to the method and process by which complaints or Grievances are handled and resolved with the Human Resources Department (or similar department) at Defendant(s).

133.   Identify every paper, writing, memorandum or document of every kind and description of which Defendant(s) have knowledge which is, in any way, intended to support any claim, defense, affirmative defense, or factual allegation, or to be used by you in any manner in this matter, including but not limited to, during the examination of any witness; describe the document as to content and other characteristics, and state the present location of such documents, or in lieu thereof, attach true copies to your answers to these Interrogatories. Annex hereto a copy of each said document.  For each such document or tangible thing upon which Defendant(s) will rely in support of Defendant(s)' claims/defenses/affirmative defenses state

    a.    its description;
    b.    its nature;
    c.    the name and address of person who has custody;
    d.    its location; and
    e.    its condition.

## INTERROGATORIES TO INDIVIDUAL DEFENDANT(S) ONLY

1.   Identify every paper, writing, memorandum or document of every kind and description of which Individual Defendant(s) has knowledge which is, in any way, intended to support any claim, defense, affirmative defense, or factual allegation, or to be used by Individual Defendant(s) in any manner in this matter, including but not limited to, during the examination

of any witness; describe the document as to content and other characteristics, and state the present location of such documents, or in lieu thereof, attach true copies to Individual Defendant(s)'s answers to these Interrogatories. Annex hereto a copy of each said document. For each such document or tangible thing upon which Individual Defendant(s) will rely in support of Individual Defendant(s)'s claims/defenses/affirmative defenses state:

        a.     its description;
        b.     its nature;
        c.     the name and address of person who has custody;
        d.     its location; and
        e.     its condition.

2.     Identify all email addresses used by Individual Defendant(s) the past five (5) years to send and receive emails, and identify the internet service provider affiliated with those email addresses.

3.     Identify all cell phone numbers used by Defendant(s) for the past five (5) years as well as carrier and current location of each cell phone. For any such cell phones that are no longer in Individual Defendant(s)' possession, please identify the name and address of the person's whose possession they are in.

4.     Has Individual Defendant(s) ever been convicted of a criminal offense?  If so, for each of Individual Defendant(s)'s convictions, identify and set forth in detail:

        a.     the particular offense(s) or crime(s) of which Individual Defendant(s) has been convicted;
        b.     the date of each such conviction;
        c.     the courts in which Individual Defendant(s) was convicted;
        d.     the facts surrounding and underlying each such conviction; and
        e.     the punishment or sentence received.

5.     State whether Individual Defendant(s) were Plaintiff's supervisors.

### **DOCUMENT REQUESTS RELATED TO PUNITIVE DAMAGES**

1.      All financial statements prepared for the years 2011 through 2021 up to and including the present, setting forth income, expenses, assets, liabilities, and profits of the Corporate Defendant(s).

2.      All tax returns filed by the Corporate Defendant(s) for the years 2011 through 2021, up to and including the present.

3.      All documents evidencing assets of the Corporate Defendant(s)

4.      All documents evidencing the Corporate Defendant(s)' interest in any real estate.

5.      All documents evidencing the financial obligations of the Corporate Defendant(s) and all payments on those obligations.

6.      All documents evidencing judgments against the Corporate Defendant(s) and the amount of those judgments for the years 2011 through 2021, up to and including the present.

7.      All documents evidencing bank accounts held by the Corporate Defendant(s), the location of those accounts, account numbers, and balances of those accounts.

8.      All documents evidencing or setting forth accounts receivable and/or obligation owed by others to the Corporate Defendant(s) for the years 2011 through 2021, up to and including the present.

9.      All documents evidencing payments made by the Corporate Defendant(s) to creditors.

10.     All corporate books or any other written memorandum setting forth income received by the Corporate Defendant(s).

11.     All copies of inventories taken by the Corporate Defendant(s) of its property at any time during the years 2011 through 2021, up to and including the present.

## INTERROGATORIES RELATED TO PUNITIVE DAMAGES FOR DEFENDANT(S)

1.  If the Defendant(s) is a corporation, set forth as to each:

    a.  The full name of the corporation;
    b.  Date of incorporation;
    c.  State of incorporation;
    d.  All States in which the Defendant(s) conducts its business;
    e.  All States in which the Defendants has registered to do business;
    f.  The full and correct names and residential address of all stockholders for the last two (2) years;
    g.  The number of shares issued to each of the said stockholders and directors of the corporation during the past two (2) years to include specific dates during which said individuals served as directors;
    h.  Number of shares issued to each of said stockholders;
    i.  The full and correct names and addresses of all officers of the corporation during the past two (2) years to include the specific dates during which said individuals served as officers;
    j.  All trade or fictitious names under which the corporation has conducted its business in the past two (2) years;
    k.  The complete street address of all locations where the Defendant(s) has conducted its business in the past two (2) years and include the specific dates during which it was at each location; and
    l.  The name and address of the person who has custody of this corporation's books and records.

2.  Is a majority interest in the corporate stock of the Defendant(s) owned by any individual, corporation or holding company?

3.  If your answer to the preceding interrogatory is in the affirmative, please state for the individual, corporation or holding company with a majority interest in the Defendant(s):

    a.  Name and address;
    b.  State of incorporation;
    c.  The state in which doing business;
    d.  Address of each business office;
    e.  The name and address of each current officer or director; and
    f.  The nature of the business in which engaged.

4.  For each facility owned or maintained by the Defendant(s), please state:

    a.  The business address;
    b.  The names and addresses of all current officers of the facility;
    c.  The nature of the business conducted at the facility;

      d.     The dates during which the facility has been owned or maintained by the Defendants' employer; and

      e.     The number of individuals presently employed at the facility.

5.     Set forth in detail the name, address, and telephone number of all businesses in which the principals of the Defendant(s) now has an interest and set forth the nature of the interest.

6.     For all bank accounts of the Defendant(s), list the name of the bank, the bank's address, the account number, and the name in which the account is held.

7.     Specifically state the present location of all books and records of the Defendant(s), including checkbooks.

8.     State the name and address of the persons or entities that prepare, maintain, and/or control the business records and checkbooks of the Defendant(s).

9.     List all the physical assets of the Defendant(s) and their location. If any asset is subject to a lien, then state the name and address of the lienholder and the amount due.

10.    Does the Defendant(s) own any real estate?

11.    If the answer for the preceding interrogatory is in the affirmative, please state for each property:

      a.     Name(s) in which property is owned;
      b.     Address of property;
      c.     Date property was purchased;
      d.     Purchase price;
      e.     Name and address of mortgage holder, if any;
      f.     Balance due on mortgage, if any; and
      g.     The names and addresses of all tenants and monthly rentals paid by each tenant.

12.    List all motor vehicles owned by the Defendant(s) and state the following for each vehicle:

      a.     Make, model, and year;
      b.     License plate number;

     c.      Vehicle identification number; and

     d.      If there is a lien on the vehicle, the name and address of the lienholder and the amount due on the lien.

13.    List all accounts receivable due to the Defendant(s), stating the name, address, and amount due on each receivable.

14.    For any transfer of business assets that has occurred within six months from the date of these Interrogatories, specifically identify:

     a.      The nature of the asset;

     b.      The date of the transfer;

     c.      Name and address of the person or entity to whom the asset was transferred; The consideration paid for the asset and the form in which it was paid (check, cash, etc.); and

     d.      Explain in detail what happened to the consideration paid for the asset.

15.    Set forth all judgments that have been entered against the Defendant(s) and include the following for each:

     a.      Creditor's name;

     b.      Creditor's attorney;

     c.      Amount due;

     d.      Name of Court; and

     e.      Docket number.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Latasha Beam*

Dated: May 3, 2022           By: /s/ Peter D. Valenzano

## **CERTIFICATION**

      I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on ( ) my personal knowledge and/or ( ) information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:

      1.

      2.

      3.

      4.

      5.


Dated: _____, 2022      By:_____

## **CERTIFICATION**

      I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, whether written or oral, are unknown to me and, if such become later known or available, I shall serve them promptly on the propounding party.

      I certify that the foregoing answers to the Interrogatories made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____, 2022      By:_____

### NOTICE OF R. 4:14-2 AND R. 4:14-9 VIDEO DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to the New Jersey Rules of Court, Plaintiff Latasha Beam through her undersigned counsel, will take the deposition upon oral examination of Defendant Aquillah Murray **commencing on August 8, 2022 at 10:00a.m.** at the law offices of McOmber McOmber & Luber, P.C.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court.  The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Latasha Beam*

Dated: May 3, 2022                     By: /s/ Peter D. Valenzano

## NOTICE OF R. 4:14-2 AND R. 4:14-9 VIDEO DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to the New Jersey Rules of Court, Plaintiff Latasha Beam through her undersigned counsel, will take the deposition upon oral examination of Defendant Shandalle Bloom **commencing on August 9, 2022 at 10:00a.m.** at the law offices of McOmber McOmber & Luber, P.C.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court.  The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Latasha Beam*

Dated: May 3, 2022                    By: /s/ Peter D. Valenzano

## NOTICE OF R. 4:14-2 AND R. 4:14-9 VIDEO DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to the New Jersey Rules of Court, Plaintiff Latasha Beam through her undersigned counsel, will take the deposition upon oral examination of Defendant Megan Tucker **commencing on August 10, 2022 at 10:00a.m.** at the law offices of McOmber McOmber & Luber, P.C.

**PLEASE TAKE FURTHER NOTICE** that the foregoing deposition shall be conducted before a notary public or other duly authorized officer and will be recorded stenographically and/or by videotape in accordance with Rules of Court.  The deposition shall continue from day to day, weekends and holidays excepted, until completed, unless otherwise agreed by the parties.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Latasha Beam*

Dated: May 3, 2022

By: /s/ Peter D. Valenzano

# Civil Case Information Statement

**Case Details: WARREN | Civil Part Docket# L-000098-22**

**Case Caption:** BEAM LATASHA  VS KEYSTONE
COMMUNITY R ESOURCES

**Case Initiation Date:** 05/03/2022

**Attorney Name:** PETER DOUGLAS VALENZANO

**Firm Name:** MCOMBER MCOMBER & LUBER, PC

**Address:** 54 SHREWSBURY AVE

RED BANK NJ 07701

**Phone:** 7328426500

**Name of Party:** PLAINTIFF : BEAM, LATASHA

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: LATASHA BEAM?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/03/2022
Dated

/s/ PETER DOUGLAS VALENZANO
Signed